IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Willantha Collins-Hardin, | ) |
| | ) Case No. 12 C 50099 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WM Specialty Mortgage LLC, et al., | ) |
| | ) Judge Philip G. Reinhard |
| Defendant. | ) |
| | ) |

## ORDER

For the reasons stated below, plaintiff's second amended complaint is dismissed without prejudice. Plaintiff is granted one more opportunity to file a complaint that complies with the federal rules. Amended complaint to be filed on or before February 28, 2014.

## STATEMENT-OPINION

Plaintiff, Willantha Collins-Hardin, pro se, brings this action via her second amended complaint [62] (hereinafter the "Complaint"). The Complaint cites some federal statutes- i.e. The Fair Debt Collection Practices Act (15 U.S.C. § 1692, 18 U.S.C. §§ 1951 and 1952 and makes reference to all defendants being "state actors." Subject matter jurisdiction apparently is therefore premised on federal question jurisdiction. 28 U.S.C. § 1331.

On its cover page, the Complaint lists sixteen defendants. Eight of them appear not to have been served with process.[1] The other eight have each separately moved to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The

---

[1] The court notes that Magistrate Judge Johnston has scheduled a status conference to address the service of process issues with plaintiff on 1/28/2014. Plaintiff filed her second amended complaint on June 21, 2013 about 7 months ago. Fed. R. Civ. P. 4(m) requires service within 120 days after a complaint is filed unless plaintiff shows good cause for the failure to effectuate service. Plaintiff has been given an extended period beyond that provided by the rule to obtain service. The court, today, is giving plaintiff until 2/28/2014 to file a third amended complaint. On or before 3/28/2014, plaintiff must properly serve (and file proper proof of service) the 8 defendants who have not entered appearances in this matter (assuming she can state a good faith claim against them) with her third amended complaint (once it has been filed) or those defendants will be dismissed for failure to obtain service upon them.

defendants moving to dismiss are: Scott Carlson [70], Corelogic Tax Services, LLC [85], Lydia Meyer (the Chapter 13 Trustee of plaintiff's bankruptcy estate) [97], John Murray [99], Tom Klein [105], Codilis & Associates, P.C. [109], Option One Mortgage Corp, n/k/a Sand Canyon Corp. [113] and American Home Mortgage Servicing, Inc. [125].

The Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 8 & 10. Rule 10(b) requires claims to be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction" and Rule 8(b)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief.

The Complaint is in five counts. Count I has numerous unnumbered paragraphs. The remaining counts (Counts II, III, IV, and V) each consists of one lengthy paragraph. This fails to comply with Rule 10(b)'s requirement for limited numbered paragraphs.

The Complaint does not contain a short and plain statement of the grounds for the court's jurisdiction. While it cites some federal statutes, and references "state actors" implying some kind of Section 1983 claim, it never actually states why this court has subject matter jurisdiction.

From the complaint's allegations, it is not possible to sort out which defendants are alleged to be responsible for which wrongs or exactly what those alleged wrongs are. The confusing nature of the complaint's allegations deprive the defendants of notice as to what claims are being advanced against each of them.

Some of the defendants also raise Rooker-Feldman as a basis for dismissal claiming this action is an attempt to overturn the state court judgment of foreclosure. Defendant Meyer argues she must be dismissed because as the Chapter 13 trustee plaintiff must obtain permission from the bankruptcy court that appointed Meyer trustee before plaintiff can sue her. While both of these defenses may well apply, the court is not going to consider them at this point. The confusing nature of the complaint makes ruling on any basis other than the failure to comply with Rules 8 and 10 too speculative.

For the foregoing reasons, plaintiff's second amended complaint is dismissed without prejudice. Plaintiff is granted one more opportunity to file a complaint that complies with the federal rules. Amended complaint to be filed on or before February 28, 2014. The amended complaint shall contain a short and plain statement of the grounds for the court's subject matter jurisdiction. Per Rule 10(b), the amended complaint shall separate the claims into separate counts specifically identifying in each count which defendant or defendants the count is against. Each count shall contain numbered paragraphs with each paragraph limited to alleging a single fact/occurrence or claim. Plaintiff is advised that any claims involving fraud must meet the pleading standard of Fed. R. Civ. P. 9(b). Rule 9(b) requires plaintiff to "state with particularity the circumstances constituting fraud." This means pleading the "who, what, when, where, and how" of each alleged fraudulent act. See Reger Development, LLC v. Nat'l City Bank, 592 F.3d

759, 764 (7th Cir.2010). Any amended complaint must comply with the requirements of Fed. R. Civ. P. 11, meaning plaintiff must have a good faith basis for her claim against any named defendant. Plaintiff should take particular care in evaluating whether she can state a good faith claim against defendant Lydia Meyer, the Winnebago County personnel, and the defendants raising Rooker-Feldman defenses. Filing a third amended complaint with claims that do not have a good faith basis will result in sanctions against plaintiff under Federal Rule 11.

Date 1/17/2014                ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)