IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Willantha Collins-Hardin, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 12 C 50099 |
| | ) | |
| vs. | ) | |
| | ) | |
| WM Specialty Mortgage LLC, et al., | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendants. | ) | |

## ORDER

For the reasons stated below, Collins is stricken as a plaintiff in this action and her interests are represented Brandl, her guardian. The motions of defendants [186] [187] [189] are granted for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine: 1) as to plaintiff's request that this court order the transfer of the foreclosed real estate to Collins; and, 2) to the extent plaintiff seeks this court's review of the judgment of foreclosure establishing Collins's liability and the amount of that liability to any defendant. The motion [189] of American Home Mortgage Servicing, Inc., to dismiss for failure to state a claim is granted with prejudice as to all remaining claims against it. The motion [187] of Sand Canyon Corporation f/k/a Option One Mortgage Corporation is granted with prejudice as to all remaining claims against it. The motion [186] of JPMC Specialty Mortgage, LLC and JP Morgan Chase Bank, N.A. is granted with prejudice as to all remaining claims against them. This case is terminated.

## STATEMENT-OPINION

The third amended complaint [174] states there are two plaintiffs in this action: 1) Willantha Collins-Hardin ("Collins") and 2) L. John Brandl, as guardian of the estate of Willantha Collins-Hardin. The complaint alleges Collins was adjudged to be a disabled person and a plenary guardian was appointed for her person and estate in 2001. Fed. R. Civ. P. 17(c)(1)(A) provides that a general guardian may sue on behalf of an incompetent person as the incompetent person's representative. Fed. R. Civ. P. 17(c)(2) provides that "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Because the complaint alleges Brandl is the guardian of Collins's estate, he is the proper plaintiff in this action. Collins, as an incompetent person, cannot maintain this action herself. Collins is stricken as a plaintiff. Brandl, as guardian of the estate of Collins remains as the plaintiff as Collins's representative. Fed. R. Civ. P. 17(c)(1)(A).
Subject matter jurisdiction is premised on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Plaintiff, a citizen of Illinois (28 U.S.C. § 1332(c)(2)) brings this action against

1

defendants, Sand Canyon Corporation (f/k/a Option One Mortgage Corporation) ("Option One"), a California Corporation with its principal place of business in California, JP Morgan Chase Bank, N.A., a national banking association, with its main office in Ohio, JPMC Specialty Mortgage, LLC (f/k/a WM Specialty Mortgage, LLC) ("WM Specialty"), a limited liability company whose sole member is JP Morgan Chase Bank, N.A., and American Home Mortgage Servicing, Inc., a Delaware corporation with its principal place of business in Texas ("American"). The complaint seeks more than $75,000 in damages. Count I is a state law claim for common law fraud and Count II is a state law claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("ICFA"). Defendants move to dismiss for lack of subject matter jurisdiction Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Defendants argue the Rooker-Feldman doctrine precludes this action. The Rooker-Feldman doctrine bars federal courts other than the Supreme Court of the United States from reviewing judgments entered by state courts in civil litigation. Harold v. Steel, 773 F.3d 884, 885 (7th Cir. 2014). The "doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." Id. It bars cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Collins purchased a house in 1999 and signed a note and mortgage to Option One. Unbeknownst to Collins, on or about November 15, 2000, Option One sold its interest in the note and mortgage and purportedly assigned its interest to Washington Mutual Bank. No one ever told Collins of the assignment. Option One continued to accept mortgage payments from Collins until January 2, 2008. Collins entered a forbearance agreement with Option One on November 23, 2007.

During this period, WM Specialty filed a mortgage foreclosure action against Collins on May 5, 2003 concerning the note and mortgage. On May 19, 2003, John Newton, Collins's guardian at that time moved to dismiss the foreclosure action. The case was dismissed shortly thereafter.

On or about February 21, 2006, WM Specialty again filed a foreclosure action against Collins concerning the note and mortgage. Ultimately, a judgment of foreclosure was entered on November 8, 2007. A judicial sale was held on September 25, 2008 and an order confirming the sale was entered on November 20, 2008. A judicial sale deed dated November 24, 2008 transferred title to WM Specialty.

The complaint contains numerous allegations concerning actions taken from the time Collins originally executed the note and mortgage and prior to the confirmation of the judicial sale. These allegations assert fraudulent representations by Option One and WM Specialty to Collins and to the state court. They allege breach of the forbearance agreement, that Collins made payments but Option One and WM Specialty falsely represented to her and to the state court that she was in default, and that a fraudulent assignment was made from Option One to

2

WM Specialty dated March 7, 2008, two years after WM Specialty commenced the foreclosure action in which it had alleged it owned the mortgage when, in fact, it did not.[1]

The state court order of November 20, 2008, confirming the judicial sale, was a final judgment in the foreclosure case. The state court judgment finally determined that Collins was in default under the note and set the amount Collins owed WM Specialty. The judgment confirmed the judicial sale at which WM Specialty purchased the property. This judgment was not reversed on appeal.

Plaintiff asks this court to find defendants engaged in fraudulent conduct and to order defendants to transfer title to the foreclosed property to Collins. This is a clear attempt by a state court loser to reverse an unfavorable state court judgment rendered before the proceedings in this federal court commenced. This court cannot review judgments entered by state courts in civil litigation. Harold, 773 F.3d at 885. The only avenue of review available to Collins was an appeal of the state court judgment through the state court system. Rooker-Feldman bars this court from reviewing the judgment of foreclosure and confirmation of sale. This court lacks subject matter jurisdiction to vacate the judgment establishing Collins's liability to WM Specialty for the amounts determined in the judgment of foreclosure and to vacate the judicial sale to WM Specialty.

Plaintiff argues this case is an exception to Rooker-Feldman because the state court judgment is void because Collins rather than plaintiff, who is her guardian, was named a defendant in the state court action. The judgment is not void. Collins, the disabled person, not her guardian, is the proper defendant in an Illinois action by a creditor on a debt and it is the disabled person who must be served with process in accordance with 735 ILCS 5/2-203(a). See O'Halloran v. Luce, 988 N.E.2d 156, 165-66. (Ill. App. 2013). Plaintiff does not contest Collins was served with the summons and complaint. The state court record, of which this court may take judicial notice, see Virnich v. Vorwald, 664 F.3d 206, 209 (7th Cir. 2011), reflects that Collins was served via abode service pursuant to 735 ILCS 5/2-203(a)(2). The individual who accepted the abode service on behalf of Collins was plaintiff, John Brandl, her guardian. The return of service notes Brandl was Collins's roommate. Not only was Collins properly named and served, but plaintiff had notice of the suit because he accepted service on behalf of Collins. 755 ILCS 5/11a-18(c) provides that "[t]he guardian of the estate of a ward shall appear for and represent the ward in all legal proceedings unless another person is appointed for that purpose as guardian or next friend." Plaintiff, as Collins's guardian, had the opportunity to appear in the state court action but elected not to do so. The state court judgment against Collins is not void.

Plaintiff also contends Rooker-Feldman does not apply because defendants corrupted the state judicial process and because plaintiff's claims are for injuries independent of the state court judgment. Plaintiff cites Johnson v. Pushpin Holdings, LLC, 748 F.3d 769, 773 (7th Cir. 2014). In Johnson, the court stated that Rooker-Feldman "does not bar a federal suit that seeks damages for a fraud that resulted in a judgment adverse to the plaintiff. Such a suit does not seek to disturb the judgment of the state court, but to obtain damages for the unlawful conduct that misled the court into issuing the judgment. It's true that the plaintiff is also asking that the default

---

[1] The complaint also contains allegations concerning actions taken after the confirmation of judicial sale. These allegations will be discussed later in this opinion.

3

judgments be vacated, and that is relief that would violate the Rooker–Feldman rule; but that claim can be rejected without affecting the damages claim." Id.

Johnson makes clear "that fraud (no matter how described) does not permit a federal district court to set aside a state court's judgment in a civil suit." Iqbal v. Patel, 780 F.3d 728, 730 (7th Cir. 2015). What the federal court retains is "jurisdiction to award damages for fraud that imposes extrajudicial injury." Id. Here, plaintiff's request that the court order defendants to transfer title to the foreclosed property to Collins is clearly a request to set aside the state court's judgment. This court cannot upend the state court's judgment against Collins nor undo the judicial sale to WM Specialty. Plaintiff's request for this relief is beyond this court's subject matter jurisdiction.

Requests for damages for extrajudicial injuries, however, are not barred by Rooker-Feldman. To the extent plaintiff is seeking to recover damages for unlawful conduct that misled the state court into entering the judgment or for injuries otherwise separate from the judgment, this court has subject matter jurisdiction. Id. Plaintiff's complaint alleges Collins made payments to Option One which accepted these payments even though it did not own the debt and that she entered a forbearance agreement with Option One and sent payments under that agreement to Option One in reliance on Option One's misrepresentations about its ownership of the debt. Plaintiff also alleges Chase fraudulently induced Collins to redeem delinquent real estate taxes on the property in December 2009 by sending her a letter dated 12/2/2009 telling her that her failure to pay these taxes was a default under her mortgage even though a judgment of foreclosure in favor of WM Specialty had been entered against her, her property sold at judicial sale and a deed transferring title to WM Specialty had already been delivered in November 2008. These alleged injuries are separate from the state court judgment and the claims for them are not barred by Rooker-Feldman.

The court's next logical "inquiry is whether the doctrine of claim preclusion (res judicata) applies." Id. "[T]hat preclusion differs from the Rooker-Feldman doctrine and comes to the fore once the federal court concludes that it has subject-matter jurisdiction." Id. A federal court will "apply the same preclusive effect to a state court judgment as the state court itself would apply. 28 U.S.C. § 1738." Empress Casino Joliet Corp. v. Johnston, 763 F.3d 723, 727 (7th Cir. 2014). "Under Illinois law, for the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." Id. at 727-28 (internal quotation marks and citation omitted.)

A final judgment was entered on the merits in the foreclosure case. Plaintiff contends Collins and WM Specialty were the only parties to the foreclosure case so res judicata does not apply to plaintiff's claims against Option One, Chase, and American "under any circumstances because there is no identity of parties between the two cases." Plaintiff overlooks the fact res judicata applies not only when there is an identity of parties but when there is an identity of parties or their privies.

As to plaintiff, he is a party to this action only in his capacity as Collins's representative. Fed. R. Civ. P. 17(c)(2). Collins was a party to the state court proceeding. Whatever res judicata effect the state court judgment would have on Collins it also has on plaintiff as Collins's representative. Plaintiff's interest in this case is identical to the interest of Collins.

4

"In considering whether res judicata applies, privity is said to exist between parties who adequately represent the same legal interests. For purposes of res judicata, it is the identity of interest that controls in determining privity, not nominal identity of parties." Lutkauskas v. Ricker, 28 N.E.3d 727, 739 (Ill. 2015) (internal quotation marks and citations omitted.) Option One and American have an identity of interest with WM Specialty as to the matters at issue in the foreclosure case. Option One is the original creditor and mortgage holder on the mortgage foreclosed in the state proceeding. American is alleged to be the loan servicer for that mortgage loan. The only allegations against American are that it supplied a false affidavit in support of the prove up for the judgment in the state proceeding.

Illinois applies the transactional test to determine identity of cause of action. River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 893 (Ill. 1998). Under the transactional test, "separate claims will be considered the same cause of action for purposes of r*es judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." Id. "The bar extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit." Id. at 889. *Res judicata* "bars suits based on facts that would have constituted a counterclaim or defense in the earlier proceeding where successful prosecution of the later action would either nullify the earlier judgment or impair the rights established in the earlier action." Kosydor v. American Express Centurion Services, Corp., 979 N.E.2d 123, 128 (Ill. App. 2012).

Plaintiff's claims against WM Specialty, Option One, and American for actions taken prior to the confirmation of the judicial sale are barred by res judicata. All of the allegedly fraudulent conduct prior to the confirmation of the sale are facts that would have constituted a defense in that action and thus are barred. Id. Allegations that WM Specialty was not the holder of the note and mortgage, that Collins was never advised of an assignment from Option One to WM Specialty, that Option One continued to represent it was the owner of the note and mortgage, that Option One accepted loan payments from Collins under the false pretense that it was the owner of the note and mortgage, that WM Specialty falsely alleged in the foreclosure case that Collins was in default, that WM Specialty and Option One made false statements as to defaults and the amounts of the monthly loan payments in an affidavit of prove up, that the affidavit of prove up was invalid because it misrepresented that the affiant was an officer of Option One and that the notary on the affidavit of prove up was not a registered notary, that the assignment dated March 7, 2008 assigning the mortgage from Option One to WM Specialty was fraudulent since Option One did not then own the note and mortgage and that the individuals executing the assignment were not officers of Option One and that the notary was not a registered notary, that Collins was in compliance with the terms of a forbearance agreement she had executed with Option One and that Option One had falsely identified itself as the lender in this forbearance agreement, and that defendants had fabricated various alleged defaults by Collins are all defenses that could have been (and in fact appear to have been) raised as defenses to the foreclosure case. As such, res judicata prohibits plaintiff from raising claims based on these facts. All of these matters were either decided or could have been decided in the state court litigation. River Park, Inc., 703 N.E.2d at 893.

This leaves plaintiff's claims for actions taken by WM Specialty and Chase after the delivery of the judicial sale deed to WM Specialty. Plaintiff alleges that Collins kept personal

5

property in the garage, shed, and backyard of the foreclosed property. In December 2009, agents for WM Specialty and Chase "removed and stole all of Collins' personal property from her garage, shed and backyard, including antiques, appliances, tools, custom window treatments, fixtures, housewares, autographed items, Collins's record and tape collection, military gear, and the security system" and the garage door.[2]

The elements of a common law fraud claim are (1) a false statement of material fact; (2) knowledge or belief by the defendant that the statement was false; (3) an intention to induce the plaintiff to act; (4) reasonable reliance upon the truth of the statement by the plaintiff; and (5) damage to the plaintiff resulting from this reliance." Avon Hardware Co. v. Ace Hardware Corp., 998 N.E.2d 1281, 1287 (Ill. App. 2013). The elements of a claim under ICFA are 1) a deceptive or unfair act or practice by the defendant; 2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; 3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce; and 4) the defendant's conduct is the proximate cause of plaintiff's injury. Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 574 (7th Cir. 2012).

Plaintiff does not contend Collins was told she did not own the personal property and that she justifiably relied on that representation to turn over her personal property. Plaintiff alleges the property was taken from Collins. Plaintiff does not allege it was relinquished by her as the result of deception. Collins was not damaged by succumbing to deception or misrepresentation. Neither common law fraud or an ICFA violation have been pled.

Plaintiff also alleges that by letter dated December 2, 2009, more than a year after the property was sold and transferred to WM Specialty, Chase notified Collins that the real estate taxes on the property were delinquent and that failure to pay those taxes was a default under the terms of her mortgage. The letter instructed her to pay $1,950.54 in real estate taxes and to forward proof of payment to Chase within 30 days. Collins went to the Winnebago County Tax Collector's Office to pay this amount and was told she needed to pay $5,159.77 to redeem the taxes on the property. The taxes had been sold to a tax purchaser. Plaintiff alleges WM Specialty intentionally failed to pay the overdue taxes on the property and had Chase send Collins the letter so that Collins would be forced to pay the overdue taxes. WM Specialty has failed to reimburse Collins for paying its real estate taxes.

WM Specialty and Chase point out in their reply brief that the tax redemption receipt plaintiff attaches to her complaint "clearly shows the unpaid taxes were for the year 2008, when Plaintiff was still the owner of the property." Under Illinois law, Collins, as the owner of the property on January 1, 2008, was personally liable for the 2008 real estate taxes on the property, 35 ILCS 200/9-175; Griffin v. Gould, 391 N.E.2d 124, 125 (Ill. App. 1979). As such, paying a debt she lawfully owed is not a cognizable injury. Collins did not suffer any damage as a result of the letter.

---

[2] Plaintiff also alleges WM Specialty and Chase, after the confirmation of the judicial sale, listed the property for sale even though Collins was still the rightful owner, continually told her she needed to vacate the premises and attempted to have the sheriff evict her. However, the court lacks subject matter jurisdiction over claims relating to these actions as these claims are an attack on the judgment and, therefore, barred by Rooker-Feldman.

Additionally, plaintiff alleges Chase falsely represented to Collins that the mortgage was still a valid mortgage and that she would be in default if she failed to pay the real estate taxes and that she relied on the representation and redeemed the sold real estate taxes. Collins could not have reasonably relied on this representation. She was well aware her mortgage had been foreclosed. The state court record shows she moved to stop her eviction from the property on December 12, 2008, based on "fraud in foreclosure judicial sale." Plaintiff's common law fraud claim fails for lack of reasonable reliance as well as lack of damages.

For the foregoing reasons, Collins is stricken as a plaintiff in this action and her interests are represented Brandl, her guardian. The motions of defendants [186] [187] [189] are granted for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine: 1) as to plaintiff's request that this court order the transfer of the foreclosed real estate to Collins; and, 2) to the extent plaintiff seeks this court's review of the judgment of foreclosure establishing Collins's liability and the amount of that liability to any defendant. The motion [189] of American Home Mortgage Servicing, Inc., to dismiss for failure to state a claim is granted with prejudice as to all remaining claims against it. The motion [187] of Sand Canyon Corporation f/k/a Option One Mortgage Corporation is granted with prejudice as to all remaining claims against it. The motion [186] of JPMC Specialty Mortgage, LLC and JP Morgan Chase Bank, N.A. is granted with prejudice as to all remaining claims against them. This case is terminated.

Date: 6/03/2015                                ENTER:

*Philip G. Reinhard*
───────────────────────────
United States District Court Judge

Notices mailed by Judicial Staff. (LC)