IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Willantha Collins-Hardin, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 12 C 50099 |
| | ) | |
| vs. | ) | |
| | ) | |
| WM Specialty Mortgage LLC, et al., | ) | |
| | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, plaintiff's motion [203] to alter or amend the judgment is denied.

**STATEMENT-OPINION**

Plaintiff moves [203] pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment [201] [202] dismissing all of plaintiff's claims against all of the defendants. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). Plaintiff's arguments on the Rule 59(e) motion do not give the court reason to believe a manifest error of law occurred in the court's disposition of the motions to dismiss. All of the matters raised in plaintiff's Rule 59(e) motion (with the exception of the issue of conversion discussed below) were addressed by the court in its determination of the motions to dismiss. The court is not persuaded that its decision on any of those issues was incorrect.

Plaintiff argues the court erred in dismissing plaintiff's claim for certain actions taken by defendants involving personal property belonging to Collins after confirmation of the judicial sale. Plaintiff argues the third amended complaint put defendants clearly on notice that the claims against them included claims resulting from defendants' "theft and vandalizing of Collins' property." Plaintiff argues these alleged actions would make defendants liable for conversion.

The third amended complaint was pled in two counts: Count I for common law fraud and Count II for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("ICFA"). The only allegations in the third amended complaint concerning personal property owned by Collins are contained in paragraph 167. Paragraph 167 states: "On or about the end of December 2009, Best Realtors, John Murray, and Nestor Apreda,

1

all acting as an agent of WM Specialty and Chase, removed and stole all of Collins' personal property from her garage, shed and backyard, including antiques, appliances, tools, custom window treatments, fixtures, housewares, autographed items, Collins' record and tape collection, military gear, and the security system." These allegations were made in the context of the common law fraud and ICFA claims advanced in the third amended complaint and the court analyzed them accordingly. Plaintiff did not advance conversion as a possible cause of action in the third amended complaint. Plaintiff did not argue he had stated a claim for conversion in his argument opposing defendants' motions to dismiss.

"In determining whether to grant Rule 59(e) relief, the court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." Smith v. Schwartz, No. 10-721-GPM, 2012 WL 1600559, *1 (S.D. Ill. May 7, 2012) (internal quotation marks and citation omitted.). "A Rule 59(e) motion is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered judgment." County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 819 (7th Cir. 2006) (internal quotation marks and citation omitted) (upholding dismissal for failure to state a claim where a Rule 59(e) motion in which the plaintiff attempted to raise an argument not made in response to a motion to dismiss had been filed). Because plaintiff did not argue he had stated a claim for conversion in his opposition to the motion to dismiss, an argument he could and should have raised at that time, the court will not grant Rule 59(e) relief to amend the judgment to allow a conversion claim to proceed. The interest of finality counsels this result. Any relief for plaintiff from the judgment must be found on appeal.

For the foregoing reasons, plaintiff's motion [203] to alter or amend the judgment is denied.

Date: 9/24/2015                  ENTER:

*/s/ Philip G. Reinhard*

United States District Court Judge

Notices mailed by Judicial Staff. (LC)

2